# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-620

**CENTRAL LUMBER COMPANY**

**VERSUS**

**WILLIAM DUHON**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF ACADIA, NO. 00-09258
SHARON MORROW, WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***

## ELIZABETH A. PICKETT
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

**REVERSED.**

Thibodeaux, J., concurs and assigns written reasons.

Michael Benny Miller
Miller & Miller
P. O. Box 1630
Crowley, LA 70527-1630
(337) 785-9500
Counsel for Defendant Appellant:
William Duhon

Christopher Richard Philipp
Attorney at Law
P. O. Box 2369
Lafayette, LA 70502-2369
(337) 235-9478
Counsel for Plaintiff Appellee:
Central Lumber Company

**Pickett, Judge.**

**FACTS**

William Duhon injured his shoulder in the course and scope of his employment with Central Lumber Company on September 13, 1999. Duhon is a carpenter with limited education. He was 64 years old at the time of the accident. He had worked for the Muller family, the owners of Central Lumber, for over 20 years. In 1997, he left full-time employment, but would work on a limited as-needed basis for either Central Lumber or a member of the Muller family.

Because of his injury, Duhon was unable to perform all of the duties he had previously fulfilled, primarily because he was limited in what he could lift with his right arm. In June 2001, Elier Diaz, a vocation rehabilitation consultant who was assigned to work with Duhon, met with Gail Adams, the owner of Central Lumber, and tried to devise a position that would be appropriate for Duhon. Duhon was offered the position of "Modified Utility Worker," which included certain physical restrictions. Duhon did not accept the position. Central Lumber responded by reducing the benefits they had been paying to supplemental earnings benefits (SEBs) based on a minimum wage earning capacity for 25 hours per week. Duhon subsequently filed this disputed claim for workers' compensation.

Following a two-day trial, the workers' compensation judge concluded that the job offered to Duhon was within his capabilities, and he was entitled only to SEBs. The amount of SEB's was calculated at 90% of his pre-injury earnings based on a forty-hour work week at $15.00 per hour, or $600, and an offset for potential earnings at minimum wage for twenty-five hours per week. The result was an award of $1,325.91 per month. Duhon appeals that judgment. Central Lumber has answered the appeal.

2

## ASSIGNMENTS OF ERROR

The defendant-appellant, William Duhon, alleges four assignments of error:

1) The hearing officer erred in refusing to allow testimony concerning Mr. Diaz's bias and violations of Ethical Standards.

2) The hearing officer erred in finding that Mr. Elier Diaz was credible and sincere.

3) It was error for the hearing officer to find that Mr. Duhon was capable of returning to work at the modified utility worker job and reducing Mr. Duhon's weekly benefits.

4) The hearing officer erred in failing to award penalties and attorney fees.

The plaintiff-appellee, Central Lumber, answers the appeal, alleging that the calculation of SEBs should not have been based on a forty-hour work week.

## DISCUSSION

The first assignment of error concerns the workers' compensation judge's refusal to allow evidence pertaining to the ethics of the vocational rehabilitation consultant, Elier Diaz. Duhon's attorney attempted to introduce correspondence between himself and Diaz, the "Counselor's Code of Ethics," and billing records that showed the extent of discussions between Diaz and the employer. He also wanted to ask questions of Diaz concerning these matters in order to show a bias against Duhon, which the workers' compensation judge disallowed. The evidence was proffered and is part of the record.

"The decision to admit evidence into the record rests within the sound discretion of the workers' compensation judge and will not be reversed in the absence of manifest error." *Jones v. Trendsetter Prod. Co., Inc.*, 97-299, p. 11 (La. App. 3 Cir. 2/25/98), 708 So.2d 1341, 1346, *writ denied*, 98-793 (La. 5/15/98), 719 So.2d 643.

1

After reviewing the record as a whole, we do not find any error on the part of the workers' compensation judge in disallowing the proffered evidence.

We further find no merit in the second assignment of error wherein the appellant argues the workers' compensation judge erred in finding the vocational rehabilitation consultant to be credible and sincere. Although it is clear the appellant's attorney and the vocational rehabilitation consultant were at odds in how this matter was being handled, we cannot find, after reviewing the record, that the workers' compensation judge was clearly wrong in her evaluation of credibility, "[T]he manifest error standard of appellate review applies in workers compensation cases and great deference is accorded to the [workers' compensation judge's] factual findings and reasonable evaluations of credibility." *Garner v. Sheats & Frazier*, 95-39, p. 7 (La. App. 3 Cir. 7/5/95), 663 So.2d 57, 61.

In his third assignment of error, the appellant argues the workers' compensation judge erred by finding the appellant capable of returning to work at the modified position and reducing Duhon's weekly benefits. As both Dr. Budden and Dr. Gidman testified that the appellant is capable of returning to work in the position offered by Central Lumber, the workers' compensation judge's finding that the appellant is capable of returning to work is clearly supported by the record. We do find merit, however, in the appellant's argument that the judge erred in calculating the number of hours for which the position is available.

The workers' compensation judge's written reasons state that "(t)he employer proved that Duhon was capable of earning $5.15 per hour at the job, between 20 and 30 hours per week." We find no error in this finding. To calculate the hours, however, the judge split the difference and awarded an offset based on twenty-five hours. This is error. The employer controls the number of hours the appellant will

2

work and to give an estimated range with ten hours per week difference is insufficient to establish the number of hours the job will be available to the appellant for purposes of calculating his wage. The proper number to utilize is the minimum number of hours employment will be available to him, in this case, twenty hours. SEBs should be recalculated on the basis of a twenty-hour work week.

We have reviewed the issue of penalties and attorney fees and find they are not warranted under the facts of this case.

The appellee answered the appeal and argues that Duhon was a part-time employee at the time of his injury, and thus is not entitled to have his benefits calculated on a forty-hour work week. In her written reasons for judgment, the workers' compensation judge expressly found the appellant was entitled to have his wages calculated on a forty-hour work week, stating:

> Though this seems almost absurd given Duhon's retirement and very sporadic work history in the 2 years preceding the accident and given that an error prevents consideration of the full week actually worked preceding the accident where Duhon only worked 24 hours. However, the WCJ finds nothing in the statutory or jurisprudential authority that would allow a different result.

The workers' compensation judge apparently was of the belief that she was required to treat him as a full-time employee rather than a part-time employee for purposes of calculating his benefits. We do not agree with this conclusion.

Both the payroll records and the testimony establish that Duhon was only working part-time when he was injured. He had retired from his full-time position in 1997. He only worked four weeks from September to the end of that year. Duhon worked only fourteen weeks in 1998 and only eleven weeks in 1999. During the calendar year 1999 he had only worked a total of four weeks prior to his injury. The

workers' compensation judge's conclusion that the appellant should be treated as a full-time employee is incorrect.

In La. R.S. 23:1021(10)(A)(iii), the method for calculating the average weekly wage is defined as follows:

> If the employee is paid on an hourly basis and the employee is a part-time employee, his hourly wage rate multiplied by the average actual hours worked in the four full weeks preceding the date of the injury.

In the four full weeks prior to the injury, the appellant worked only in the week immediately preceding the injury. He worked for 24 hours the week of September 10, at a rate of $15.00 per hour. $360.00 divided by 4 is $90.00 per week. Louisiana Revised Statute 23:1202(A)(2) sets a minimum weekly wage payable under the workers' compensation statutes, but states that there shall be no minimum for benefits paid under La.R.S. 23:1221(3), which covers SEBs. Duhon's pre-employment wages are $90.00 per week. The position offered to him by Central Lumber, and approved by his doctors, pays $103.00 per week based on a twenty-hour week. Because the appellant is capable of earning more than 90% of his pre-employment wages, he is not entitled to SEBs. The judgment of the workers' compensation judge is reversed. The costs of this appeal are cast against the appellant, William Duhon.

**REVERSED.**

4

CENTRAL LUMBER COMPANY

VERSUS

WILLIAM DUHON


THIBODEAUX, J., concurring.

The majority proposes to utilize La.R.S. 23:1021(10)(a)(iii) for the calculation of the claimant's average weekly wage. This section refers to a "part-time employee." A "part-time employee" is defined in La.R.S. 23:1021(9) as "an employee who as a condition of his hiring knowingly accepts employment that (a) customarily provides for less than forty hours per week, and (b) that is classified by the employer as a part-time position." The record does not demonstrate that Mr. Duhon fits into this definition of a "part-time employee." Since Mr. Duhon does not fit into any of the categories enumerated in La.R.S. 23:1021(a)-(c), I would remand for a calculation of his average weekly wage under section (d). That section states that "[i]f the employee is employed on a unit, piecework, commission, *or other basis* . . . ." My view is that the employee fits into the term "or other basis." The record is insufficient for us to calculate his average weekly wage under this subsection. I suspect that the result would be the same as that which the majority proposes; however, La.R.S. 23:1021(d) is the most appropriate vehicle by which to evaluate this claim.